# U.S. District Court
## Eastern District of New York (Central Islip)
## CRIMINAL DOCKET FOR CASE #: 2:22-mj-01345-LGD-1

Case title: USA v. Grundstrom

Date Filed: 12/16/2022

Other court case number: 4:22-CR-00622-001 Southern District of Texas

Date Terminated: 12/16/2022

---

Assigned to: Magistrate Judge Lee G. Dunst

### Defendant (1)

**Tyler Grundstrom**
*TERMINATED: 12/16/2022*

represented by **Jason Russo**
1130 Stewart Ave
Suite 200
Garden City, NY 11530
516-643-1799
Fax: 866-519-4063
Email: jasonrussoesq@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

### Pending Counts

None

### Disposition

### Highest Offense Level (Opening)

None

### Terminated Counts

None

### Disposition

### Highest Offense Level (Terminated)

None

### Complaints

18:2256.F

### Disposition

---

### Plaintiff

**USA**

represented by **Paul G. Scotti**

United States Attorneys Office
610 Federal Plaza
Central Islip, NY 11722
631-715-7836
Email: paul.scotti@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Government Attorney*

| Date Filed | # | Select all / clear | Docket Text |
|---|---|---|---|
| 12/16/2022 | 1 | ☑ | RULE 40 AFFIDAVIT by USA as to Tyler Grundstrom by Affiant Janine Musmacker (CT) (Entered: 12/20/2022) |
| 12/16/2022 | | | Arrest (Rule 40) of Tyler Grundstrom (CT) (Entered: 12/20/2022) |
| 12/16/2022 | 2 | ☑ | NOTICE OF ATTORNEY APPEARANCE: Jason Russo appearing for Tyler Grundstrom (CT) (Entered: 12/20/2022) |
| 12/16/2022 | 3 | ☑ | Minute Entry for proceedings held on 12/16/2022 before Magistrate Judge Lee G. Dunst: Criminal Cause for Removal as to Tyler Grundstrom. Counsel for Defendant: Jason Russo, retained. AUSA: Paul Scotti. Probation/Pretrial Officer: Marnie Gerardino. FTR #: 2:50-3:15. Case called. Counsel for all sides present. Removal Proceeding. Other District: Southern District of Texas. Other District Case Number: 4:22-CR-00622-001. Identity hearing waived. Preliminary hearing waived. Commitment to another District entered. Order of Detention entered. Defendant remains in custody and the USMS will transport defendant to charging district. (CT) (Entered: 12/20/2022) |
| 12/16/2022 | 4 | ☑ | WAIVER of Rule 5(c)(3) Hearing by Tyler Grundstrom (CT) (Entered: 12/20/2022) |
| 12/16/2022 | 5 | ☑ | COMMITMENT TO ANOTHER DISTRICT as to Tyler Grundstrom. Defendant committed to District of Southern District of Texas. Ordered by Magistrate Judge Lee G. Dunst on 12/16/2022. (CT) (Entered: 12/20/2022) |
| 12/16/2022 | 6 | ☑ | ORDER OF DETENTION as to Tyler Grundstrom. Ordered by Magistrate Judge Lee G. Dunst on 12/16/2022. (CT) (Entered: 12/20/2022) |
| 12/16/2022 | 7 | ☑ | Notice to Southern District of Texas of a Rule 5 or Rule 32 Initial Appearance as to Tyler Grundstrom. Your case number is: 4:22-CR-00622-001. Docket sheet and documents attached. (If you require certified copies of any documents, please send a request to [InterDistrictTransfer_NYED@nyed.uscourts.gov]. If you wish to designate a different email address for future transfers, send your request to InterDistrictTransfer_TXND@txnd.uscourts.gov.) (CT) (Entered: 12/20/2022) |

View Selected

or

Download Selected

PGS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – –X

UNITED STATES OF AMERICA

    - against -

TYLER N. GRUNDSTROM,

        Defendant.

– – – – – – – – – – –X

REMOVAL TO THE
<u>SOUTHERN DISTRICT OF TEXAS</u>

(Fed. R. Crim. P. 5)

EASTERN DISTRICT OF NEW YORK, SS:

        JANINE MUSMACKER, being duly sworn, deposes and states that she is a

Task Force Officer with the Federal Bureau of Investigation ("FBI"), duly appointed

according to law and acting as such.

        On or about December 8, 2022, an arrest warrant was issued in the Southern

District of Texas for the defendant TYLER N. GRUNDSTROM, on an indictment, under

docket number 22-CR-622, in which the defendant was charged with sexual exploitation of

children, in violation of Title 18 United States Code, Sections 2251(a) and (e); coercion and

enticement, in violation of Title 18 United States Code, Sections 2422(b); and transfer of

obscene material to a minor, in violation of Title 18 United States Code, Sections 1470.

        The source of your deponent's information and the grounds for his belief are as

follows:

        1.     On December 8, 2022, a grand jury sitting in the Southern District of

Texas returned a three-count sealed Indictment, captioned <u>United States v. Grundstrom</u>, 4:22-

CR-622 (the "Indictment").   The Indictment charges the defendant TYLER N.

GRUNDTROM with sexual exploitation of children, in violation of Title 18 United States

Code, Sections 2251(a) and (e); coercion and enticement, in violation of Title 18 United

States Code, Sections 2422(b); and transfer of obscene material to a minor, in violation of

Title 18 United States Code, Sections 1470, in connection with the defendant's illicit conduct

that occurred from on or about October 22, 2021, through on or about February 14, 2022,

involving a minor who was 15 years of age during the course of conduct.   A copy of the

Indictment is attached as Exhibit A.

      2.      On December 9, 2022, a sealed arrest warrant was issued for the

defendant in the Southern District of Texas in connection with the filing of the Indictment.   A

copy of the arrest warrant is attached hereto as Exhibit B.

      3.      The identity of the defendant TYLER N. GRUNDSTROM was

confirmed when he was arrested this morning, December 16, 2022, in the Eastern District of

New York, through various sources.   Specifically, the undersigned previously executed a

search warrant at GRUNDSTROM's residence in Manorville, New York, in connection with

this investigation on or about October 12, 2022, during which time the undersigned

encountered the defendant, who identified himself as TYLER N. GRUNDSTROM.   This

morning, December 16, 2022, the undersigned and other members of law enforcement

arrested GRUNDSTROM at his Manorville residence.   The individual arrested this morning

is the same person that I interviewed on October 12, 2022, and also acknowledged that he was

TYLER N. GRUNDSTROM.   His identity was further confirmed by a review of his New

York State Driver's License under the name "Tyler Nicholas Grundstrom" with a photograph

matching the individual arrested this morning.

WHEREFORE, your deponent respectfully requests that defendant TYLER N.

GRUNDSTROM be dealt with according to law.

_____
JANINE MUSMACKER
Task Force Officer
Federal Bureau of Investigation

Sworn to before me this
16th day of December, 2022

s/ Lee G. Dunst
_____
THE HONORABLE LEE G. DUNST
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

# EXHIBIT A

United States District Court
Southern District of Texas

**ENTERED**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

December 08, 2022
Nathan Ochsner, Clerk

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | § | | |
| ·vs.· | § | CRIMINAL NO. | **4:22-cr-622** |
| TYLER N. GRUNDSTROM | § | | |

**CRIMINAL INDICTMENT**

Sealed
Public and unofficial staff access
to this instrument are
prohibited by court order

THE GRAND JURY CHARGES THAT:

**INTRODUCTION**

At all times material to this Indictment:

1.      The term "minor" is defined, pursuant to Title 18, United States Code, Section 2256(1), as

"any person under the age of eighteen years."

2.      The term "child pornography," for purposes of this Indictment, is defined, pursuant to Title

18, United States Code, Section 2256(8)(A), as:

"any visual depiction, including any photograph, film, video, picture, or computer or
computer-generated image or picture, whether made or produced by electronic, mechanical,
or other means, of sexually explicit conduct, where -

(A)      the production of such visual depiction involves the use of a minor engaged in
sexually explicit conduct."

3.      The term "sexually explicit conduct" is defined, pursuant to Title 18, United States Code,

Section 2256(2)(A), as any:

"actual or simulated -
(i)      sexual intercourse, including genital [to] genital, oral [to] genital, anal [to] genital, or
oral [to] anal, whether between persons of the same or opposite sex; [or]
(ii)     bestiality; [or]
(iii)    masturbation; [or]
(iv)     sadistic or masochistic abuse; or
(v)      [the] lascivious exhibition of the anus, genitals or pubic area of any person."

1

4.     The term "computer" is defined, pursuant to Title 18, United States Code, Sections 2256(6) and 1030(e)(1), as any:

> "electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator or other similar device."

5.     The term "producing", for purposes of this Indictment, is defined, pursuant to Title 18, United States Code, Section 2256(3) and case law, as:

> "producing, directing, manufacturing, issuing, publishing or advertising" and includes downloading or copying visual depictions from another source.

6.     The term "visual depiction" is defined, pursuant to Title 18, United States Code, Section 2256(5), as including, but is not limited to, any:

> "undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image."

## COUNT ONE
### (Sexual Exploitation of Children)

On or about January 29, 2022, within the Southern District of Texas and elsewhere,

### TYLER N. GRUNDSTROM,

defendant herein, did employ, use, persuade, induce, entice and coerce and attempt to employ, use, persuade, induce, entice and coerce a minor child, to wit: Minor Victim #1, to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and such visual depiction was transmitted using any means and facility of interstate and foreign commerce, and the visual depiction was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Section 2251(a) & (e).

2

## COUNT TWO
### (Coercion and Enticement)

From on or about October 22, 2021, through on or January 29, 2022, within the Southern

District of Texas and elsewhere,

### TYLER N. GRUNDSTROM,

defendant herein, by use of a means of a facility of interstate and foreign commerce, did knowingly

and intentionally persuade, induce, entice, and coerce and attempt to persuade, induce, entice and

coerce a person, to wit: Minor Victim #1, whom defendant believed had not attained the age of 18

years, to engage in sexual activity for which a person can be charged with a criminal offense under

the laws of the United States, that is, the crime of sexual exploitation of a child, in violation of Title

18, United States Code, Section 2251.

**In violation of Title 18, United States Code, Section 2422(b).**

## COUNT THREE
### (Transfer of Obscene Material to a Minor)

On or about February 14, 2022, within the Southern District of Texas and elsewhere,

### TYLER N. GRUNDSTROM,

defendant herein, did knowingly transfer and attempt to transfer, by means of a facility of interstate

commerce, obscene matter to Minor Victim #1, who had not attained the age of 16 years.

**In violation of Title 18, United States Code, Section 1470.**

(REMAINDER OF PAGE INTENTIONALLY LEFT BLANK)

3

## NOTICE OF FORFEITURE
### 18 U.S.C. § 2253(a)

Pursuant to Title 18, United States Code, Section 2253(a)(2) and (a)(3), the United States gives the defendant notice that in the event of conviction for the offenses charged in Count One through Count 3 of the Indictment, the United States will seek to forfeit all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offenses charged in Count One through Count Three; and all property, real and personal, used or intended to be used to commit or to promote the commission of the offenses charged in Count One through Count Three, or any property traceable to such property, including, but not limited to, the following:

    1) One black iPhone;

    2) One black iPad Mini;

    3) One Xbox series S;

    4) One tablet in a black case; and

    5) One 16GB iPad, Serial # DYTHXEJJDVGK.

A True Bill:

JENNIFER B. LOWERY
United States Attorney

By:

Luis Batarse
Assistant United States Attorney
713-567-9000

ORIGINAL SIGNATURE ON FILE

4

# EXHIBIT B

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| United States of America | | |
|---|---|---|
| v. | ) ) ) | Case No.   4:22 - cr - 622 |
| TYLER N. GRUNDSTROM | ) ) ) ) | |
| *Defendant* | | |

RECEIVED
UNITED STATES MARSHAL

2022 DEC -9  PM 2: 54

SOUTHERN DIST. S/TX

## ARREST WARRANT

> Sealed
> Public and unofficial staff access
> to this instrument are
> prohibited by court order

To:     Any authorized law enforcement officer

    **YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*    TYLER N. GRUNDSTROM                                            ,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment    ☐ Superseding Indictment    ☐ Information    ☐ Superseding Information    ☐ Complaint
☐ Probation Violation Petition    ☐ Supervised Release Violation Petition    ☐ Violation Notice    ☐ Order of the Court

This offense is briefly described as follows:

Count 1: Sexual Exploitation of Children [18 U.S.C § 2251(a) & (e)]
Count 2: Coercion and Enticement [18 U.S.C § 2422(b)]
Count 3: Transfer of Obscene Material to a Minor [18 U.S.C § 1470]

Date:  December 09, 2022                                 _____
                                                              *Issuing officer's signature*

City and state:    Houston, TX                              Rebecca Becknal, Deputy Clerk
                                                              *Printed name and title*

| Return | | |
|---|---|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . | | |
| Date: _____ | _____ *Arresting officer's signature* | |
| | _____ *Printed name and title* | |

AO 458 (Rev. 06/09)  Appearance of Counsel

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| United States of America | ) | |
|---|---|---|
| _Plaintiff_ | ) | |
| v. | ) | Case No.  22-MJ-1345  (LGD) |
| Tyler Grundstrom | ) | |
| _Defendant_ | ) | |

## APPEARANCE OF COUNSEL

To:     The clerk of court and all parties of record

I am admitted or otherwise authorized to practice in this court, and I appear in this case as counsel for:

EASTERN District NY

Date: 12 / 16 / 22

_Attorney's signature_

JASON RUSSO

_Printed name and bar number_

1130 Stewart AVE, Sute 200
Garden City NY 11530

_Address_

JASonRusso esq @ gmail.com

_E-mail address_

516 643 1799

_Telephone number_

866 579 4063

_FAX number_

BEFORE: STEVEN I. LOCKE                    DATE: 12/16/2022
UNITED STATES MAGISTRATE JUDGE            TIME: 2:30PM

## CRIMINAL CAUSE FOR REMOVAL

**DOCKET No.**  22-MJ-1345 (LGD)

**DEFENDANT: Tyler Grundstrom**          **DEF. #**
☐  Present  ☐  Not Present      ☐   Custody ☐   Bail/Surrender

**DEFENSE COUNSEL**: Jason Russo
☐     Federal Defender     ☐     CJA      ☒     Retained

**A.U.S.A.**: Paul Scotti

INTERPRETER:  ()

PROBATION OFFICER/PRETRIAL:  Marnie Gerardino

COURT REPORTER / FTR LOG :  2:50-3:15_____  MAGISTRATE DEPUTY: CT

☒     Case called   ☒     Counsel for all sides present

☒     Removal Proceeding.  Other District:  Southern District of Texas

Other District Case Number: 4:22-CR-00622-001.

Identity Hearing:   ☒  Waived;    :   ☐   To be set in charging district

Preliminary Hearing:   ☒  Waived;   ☐  Set for _____.

☐    Order Setting Conditions of Release and Bond entered.

☐      Order Requiring Defendant to appear in another district.

☒     Commitment to another District entered.

☒    Order of Detention entered.

☐    Next Court appearance scheduled for

Defendant:   ☐    Released on Bond and Required to appear in charging district;

☒     Remains in Custody and the USMS will transport defendant to charging district.

OTHER:

AO 466A (Rev. 12/09)  Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of New York

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.  22-MJ-1345 (LGD) |
| | ) | |
| Tyler Grundstrom | ) | |
| | ) | Charging District's Case No.   4:22CR00622-001 |
| *Defendant* | ) | |

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)*    Southern District of Texas

I have been informed of the charges and of my rights to:

(1)    retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)    an identity hearing to determine whether I am the person named in the charges;

(3)    production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)    a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;

(5)    a hearing on any motion by the government for detention;

(6)    request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☑    an identity hearing and production of the warrant.

☑    a preliminary hearing.

☑    a detention hearing.

☑    an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district.  I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date:    12/16/22

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

JASON RUSSO

_____
*Printed name of defendant's attorney*

AO 94  (Rev. 06/09) Commitment to Another District

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of New York

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.   22-MJ-1345 (LGD) |
| Tyler Grundstrom | ) | |
| | ) | Charging District's |
| _Defendant_ | ) | Case No.   4:22CR00622-001 |

## COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the _____SOUTHERN_____ District of _TEXAS_____ ,

_(if applicable)_ _____ division.  The defendant may need an interpreter for this language:

_____ .

The defendant:   ☑ will retain an attorney.

☐ is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance.

**IT IS ORDERED:** The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant.  The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled.  The clerk of this district must promptly transmit the papers and any bail to the charging district.

Date: 12/16/22

s/ Lee G. Dunst

_____
_Judge's signature_

LEE G. DUNST, U.S.M.J.

_____
_Printed name and title_

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
### for the
Eastern District of New York

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Tyler Grundstrom | ) | Case No.   22-MJ-1345 (LGD) |
| | ) | |
| *Defendant* | ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

　☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

　　☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

　　☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

　　☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

　　☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

　　☐ **(e)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; *and*

　☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

　☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; *and*

　☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☑ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

    ❑ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

    ❑ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

    ❑ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

    ❑ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

    ☑ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❑ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

    ☑ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

    **OR**

    ❑ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

❑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

❑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

    ☑ Weight of evidence against the defendant is strong
    ❑ Subject to lengthy period of incarceration if convicted
    ❑ Prior criminal history
    ❑ Participation in criminal activity while on probation, parole, or supervision
    ❑ History of violence or use of weapons
    ❑ History of alcohol or substance abuse
    ❑ Lack of stable employment
    ❑ Lack of stable residence
    ❑ Lack of financially responsible sureties

AO 472 (Rev. 11/16) Order of Detention Pending Trial

    ❐ Lack of significant community or family ties to this district
    ❐ Significant family or other ties outside the United States
    ❐ Lack of legal status in the United States
    ❐ Subject to removal or deportation after serving any period of incarceration
    ❐ Prior failure to appear in court as ordered
    ❐ Prior attempt(s) to evade law enforcement
    ❐ Use of alias(es) or false documents
    ❐ Background information unknown or unverified
    ❐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

**Part IV - Directions Regarding Detention**

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:  **12/16/22**        s/ Lee G. Dunst
                                         United States Magistrate Judge

# U.S. District Court
## Eastern District of New York (Central Islip)
## CRIMINAL DOCKET FOR CASE #: <u>2:22–mj–01345–LGD</u>–1

Case title: USA v. Grundstrom

Date Filed: 12/16/2022

Other court case number:  4:22–CR–00622–001 Southern
District of Texas

Assigned to: Magistrate Judge
Lee G. Dunst

**<u>Defendant (1)</u>**

| | | |
|---|---|---|
| **Tyler Grundstrom** | represented by | **Jason Russo** |
| | | 1130 Stewart Ave |
| | | Suite 200 |
| | | Garden City, NY 11530 |
| | | 516–643–1799 |
| | | Fax: 866–519–4063 |
| | | Email: jasonrussoesq@gmail.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Retained* |

| **<u>Pending Counts</u>** | **<u>Disposition</u>** |
|---|---|
| None | |

| **<u>Highest Offense Level (Opening)</u>** | |
|---|---|
| None | |

| **<u>Terminated Counts</u>** | **<u>Disposition</u>** |
|---|---|
| None | |

| **<u>Highest Offense Level (Terminated)</u>** | |
|---|---|
| None | |

| **<u>Complaints</u>** | **<u>Disposition</u>** |
|---|---|
| 18:2256.F | |

**<u>Plaintiff</u>**

**USA**                         represented by **Paul G. Scotti**
                                               United States Attorneys Office
                                               610 Federal Plaza
                                               Central Islip, NY 11722
                                               631–715–7836
                                               Email: paul.scotti@usdoj.gov
                                               *LEAD ATTORNEY*
                                               *ATTORNEY TO BE NOTICED*
                                               *Designation: Government Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/16/2022 | 1 | RULE 40 AFFIDAVIT by USA as to Tyler Grundstrom by Affiant Janine Musmacker (CT) (Entered: 12/20/2022) |
| 12/16/2022 |  | Arrest (Rule 40) of Tyler Grundstrom (CT) (Entered: 12/20/2022) |
| 12/16/2022 | 2 | NOTICE OF ATTORNEY APPEARANCE: Jason Russo appearing for Tyler Grundstrom (CT) (Entered: 12/20/2022) |
| 12/16/2022 | 3 | Minute Entry for proceedings held on 12/16/2022 before Magistrate Judge Lee G. Dunst: Criminal Cause for Removal as to Tyler Grundstrom. Counsel for Defendant: Jason Russo, retained. AUSA: Paul Scotti. Probation/Pretrial Officer: Marnie Gerardino. FTR #: 2:50–3:15. Case called. Counsel for all sides present. Removal Proceeding. Other District: Southern District of Texas. Other District Case Number: 4:22–CR–00622–001. Identity hearing waived. Preliminary hearing waived. Commitment to another District entered. Order of Detention entered. Defendant remains in custody and the USMS will transport defendant to charging district. (CT) (Entered: 12/20/2022) |
| 12/16/2022 | 4 | WAIVER of Rule 5(c)(3) Hearing by Tyler Grundstrom (CT) (Entered: 12/20/2022) |
| 12/16/2022 | 5 | COMMITMENT TO ANOTHER DISTRICT as to Tyler Grundstrom. Defendant committed to District of Southern District of Texas. Ordered by Magistrate Judge Lee G. Dunst on 12/16/2022. (CT) (Entered: 12/20/2022) |
| 12/16/2022 | 6 | ORDER OF DETENTION as to Tyler Grundstrom. Ordered by Magistrate Judge Lee G. Dunst on 12/16/2022. (CT) (Entered: 12/20/2022) |

PGS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – –X

UNITED STATES OF AMERICA

- against -

TYLER N. GRUNDSTROM,

Defendant.

– – – – – – – – – – –X

REMOVAL TO THE
SOUTHERN DISTRICT OF TEXAS

(Fed. R. Crim. P. 5)

EASTERN DISTRICT OF NEW YORK, SS:

JANINE MUSMACKER, being duly sworn, deposes and states that she is a

Task Force Officer with the Federal Bureau of Investigation ("FBI"), duly appointed

according to law and acting as such.

On or about December 8, 2022, an arrest warrant was issued in the Southern

District of Texas for the defendant TYLER N. GRUNDSTROM, on an indictment, under

docket number 22-CR-622, in which the defendant was charged with sexual exploitation of

children, in violation of Title 18 United States Code, Sections 2251(a) and (e); coercion and

enticement, in violation of Title 18 United States Code, Sections 2422(b); and transfer of

obscene material to a minor, in violation of Title 18 United States Code, Sections 1470.

The source of your deponent's information and the grounds for his belief are as

follows:

1.      On December 8, 2022, a grand jury sitting in the Southern District of

Texas returned a three-count sealed Indictment, captioned <u>United States v. Grundstrom</u>, 4:22-

CR-622 (the "Indictment").  The Indictment charges the defendant TYLER N. GRUNDTROM with sexual exploitation of children, in violation of Title 18 United States Code, Sections 2251(a) and (e); coercion and enticement, in violation of Title 18 United States Code, Sections 2422(b); and transfer of obscene material to a minor, in violation of Title 18 United States Code, Sections 1470, in connection with the defendant's illicit conduct that occurred from on or about October 22, 2021, through on or about February 14, 2022, involving a minor who was 15 years of age during the course of conduct.  A copy of the Indictment is attached as Exhibit A.

2.       On December 9, 2022, a sealed arrest warrant was issued for the defendant in the Southern District of Texas in connection with the filing of the Indictment.  A copy of the arrest warrant is attached hereto as Exhibit B.

3.       The identity of the defendant TYLER N. GRUNDSTROM was confirmed when he was arrested this morning, December 16, 2022, in the Eastern District of New York, through various sources.   Specifically, the undersigned previously executed a search warrant at GRUNDSTROM's residence in Manorville, New York, in connection with this investigation on or about October 12, 2022, during which time the undersigned encountered the defendant, who identified himself as TYLER N. GRUNDSTROM.   This morning, December 16, 2022, the undersigned and other members of law enforcement arrested GRUNDSTROM at his Manorville residence.   The individual arrested this morning is the same person that I interviewed on October 12, 2022, and also acknowledged that he was TYLER N. GRUNDSTROM.   His identity was further confirmed by a review of his New

York State Driver's License under the name "Tyler Nicholas Grundstrom" with a photograph

matching the individual arrested this morning.

        WHEREFORE, your deponent respectfully requests that defendant TYLER N.

GRUNDSTROM be dealt with according to law.

                                   _____

                                 JANINE MUSMACKER
                                 Task Force Officer
                                 Federal Bureau of Investigation

Sworn to before me this
16th day of December, 2022

        s/ Lee G. Dunst

_____
THE HONORABLE LEE G. DUNST
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

# EXHIBIT A

United States District Court
Southern District of Texas

**ENTERED**

December 08, 2022

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| vs. | § | CRIMINAL NO.    **4:22-cr-622** |
| TYLER N. GRUNDSTROM | § | |

<u>**CRIMINAL INDICTMENT**</u>

Sealed
Public and unofficial staff access
to this instrument are
prohibited by court order

THE GRAND JURY CHARGES THAT:

## INTRODUCTION

At all times material to this Indictment:

1.      The term "minor" is defined, pursuant to Title 18, United States Code, Section 2256(1), as "any person under the age of eighteen years."

2.      The term "child pornography," for purposes of this Indictment, is defined, pursuant to Title 18, United States Code, Section 2256(8)(A), as:

"any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where -

(A)     the production of such visual depiction involves the use of a minor engaged in sexually explicit conduct."

3.      The term "sexually explicit conduct" is defined, pursuant to Title 18, United States Code, Section 2256(2)(A), as any:

"actual or simulated -
(i)      sexual intercourse, including genital [to] genital, oral [to] genital, anal [to] genital, or oral [to] anal, whether between persons of the same or opposite sex; [or]
(ii)     bestiality; [or]
(iii)    masturbation; [or]
(iv)     sadistic or masochistic abuse; or
(v)      [the] lascivious exhibition of the anus, genitals or pubic area of any person."

1

Case 2:22-mj-01345-CGD Document 1 Filed 12/16/22 Page 36 of 90 PageID 85

4.      The term "computer" is defined, pursuant to Title 18, United States Code, Sections 2256(6) and 1030(e)(1), as any:

> "electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator or other similar device."

5.      The term "producing", for purposes of this Indictment, is defined, pursuant to Title 18, United States Code, Section 2256(3) and case law, as:

> "producing, directing, manufacturing, issuing, publishing or advertising" and includes downloading or copying visual depictions from another source.

6.      The term "visual depiction" is defined, pursuant to Title 18, United States Code, Section 2256(5), as including, but is not limited to, any:

> "undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image."

<u>COUNT ONE</u>
(Sexual Exploitation of Children)

On or about January 29, 2022, within the Southern District of Texas and elsewhere,

**TYLER N. GRUNDSTROM,**

defendant herein, did employ, use, persuade, induce, entice and coerce and attempt to employ, use, persuade, induce, entice and coerce a minor child, to wit: Minor Victim #1, to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and such visual depiction was transmitted using any means and facility of interstate and foreign commerce, and the visual depiction was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Section 2251(a) & (e).

2

USCA2 8

## COUNT TWO
### (Coercion and Enticement)

From on or about October 22, 2021, through on or January 29, 2022, within the Southern

District of Texas and elsewhere,

### TYLER N. GRUNDSTROM,

defendant herein, by use of a means of a facility of interstate and foreign commerce, did knowingly

and intentionally persuade, induce, entice, and coerce and attempt to persuade, induce, entice and

coerce a person, to wit: Minor Victim #1, whom defendant believed had not attained the age of 18

years, to engage in sexual activity for which a person can be charged with a criminal offense under

the laws of the United States, that is, the crime of sexual exploitation of a child, in violation of Title

18, United States Code, Section 2251.

**In violation of Title 18, United States Code, Section 2422(b).**

## COUNT THREE
### (Transfer of Obscene Material to a Minor)

On or about February 14, 2022, within the Southern District of Texas and elsewhere,

### TYLER N. GRUNDSTROM,

defendant herein, did knowingly transfer and attempt to transfer, by means of a facility of interstate

commerce, obscene matter to Minor Victim #1, who had not attained the age of 16 years.

**In violation of Title 18, United States Code, Section 1470.**

(REMAINDER OF PAGE INTENTIONALLY LEFT BLANK)

3

**NOTICE OF FORFEITURE**
**18 U.S.C. § 2253(a)**

Pursuant to Title 18, United States Code, Section 2253(a)(2) and (a)(3), the United States gives the defendant notice that in the event of conviction for the offenses charged in Count One through Count 3 of the Indictment, the United States will seek to forfeit all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offenses charged in Count One through Count Three; and all property, real and personal, used or intended to be used to commit or to promote the commission of the offenses charged in Count One through Count Three, or any property traceable to such property, including, but not limited to, the following:

1) One black iPhone;

2) One black iPad Mini;

3) One Xbox series S;

4) One tablet in a black case; and

5) One 16GB iPad, Serial # DYTHXEJJDVGK.

A True Bill:

JENNIFER B. LOWERY
United States Attorney

By:

Luis Batarse
Assistant United States Attorney
713-567-9000

**ORIGINAL SIGNATURE ON FILE**

4

# EXHIBIT B

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

United States of America

v.

TYLER N. GRUNDSTROM

*Defendant*

Case No. 4:22 - cr - 622

RECEIVED
UNITED STATES MARSHAL
2022 DEC -9  PH 2: 54
SOUTHERN DIST. S/TX

┌─────────────────────────────┐
│          Sealed             │
│ Public and unofficial staff access │
│   to this instrument are    │
│ prohibited by court order   │
└─────────────────────────────┘

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   TYLER N. GRUNDSTROM                                                      ,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment     ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

Count 1: Sexual Exploitation of Children [18 U.S.C § 2251(a) & (e)]
Count 2: Coercion and Enticement [18 U.S.C § 2422(b)]
Count 3: Transfer of Obscene Material to a Minor [18 U.S.C § 1470]

Date: December 09, 2022                        _____
                                                   *Issuing officer's signature*

City and state:   Houston, TX                   Rebecca Becknal, Deputy Clerk
                                                   *Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____           _____ <br> *Arresting officer's signature* |
| _____ <br> *Printed name and title* |

AO 458 (Rev. 06/09)  Appearance of Counsel

# UNITED STATES DISTRICT COURT
### for the
Eastern District of New York

| | |
|---|---|
| United States of America | ) |
| _Plaintiff_ | ) |
| v. | ) Case No. 22-MJ-1345 (LGD) |
| Tyler Grundstrom | ) |
| _Defendant_ | ) |

## APPEARANCE OF COUNSEL

To:     The clerk of court and all parties of record

I am admitted or otherwise authorized to practice in this court, and I appear in this case as counsel for:

EASTERN District NY

Date: 12 / 16 / 22

_Attorney's signature_

JASON RUSSO

_Printed name and bar number_

1130 Stewart Ave, Suite 200

_Address_

Garden City NY 11530

jasonrussoesq@gmail.com

_E-mail address_

516 643 1795

_Telephone number_

866 579 4063

_FAX number_

BEFORE: STEVEN I. LOCKE         DATE: 12/16/2022
UNITED STATES MAGISTRATE JUDGE      TIME: 2:30PM

### CRIMINAL CAUSE FOR REMOVAL

**DOCKET No.**   22-MJ-1345 (LGD)

**DEFENDANT: Tyler Grundstrom**      **DEF. #**
☐   Present   ☐ Not Present     ☐   Custody ☐   Bail/Surrender

**DEFENSE COUNSEL**: Jason Russo
☐     Federal Defender     ☐    CJA      ☒     Retained

**A.U.S.A.**: Paul Scotti

INTERPRETER:   ()

PROBATION OFFICER/PRETRIAL:   Marnie Gerardino

COURT REPORTER / FTR LOG :  2:50-3:15          MAGISTRATE DEPUTY: CT

☒     Case called    ☒    Counsel for all sides present

☒     Removal Proceeding. Other District:   Southern District of Texas

Other District Case Number: 4:22-CR-00622-001.

Identity Hearing:   ☒   Waived;     :   ☐   To be set in charging district

Preliminary Hearing:   ☒   Waived;   ☐   Set for _____.

☐     Order Setting Conditions of Release and Bond entered.

      ☐     Order Requiring Defendant to appear in another district.

☒     Commitment to another District entered.

☒     Order of Detention entered.

☐     Next Court appearance scheduled for

Defendant:   ☐    Released on Bond and Required to appear in charging district;

      ☒     Remains in Custody and the USMS will transport defendant to charging district.

OTHER:

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of New York

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.  22-MJ-1345 (LGD) |
| | ) | |
| Tyler Grundstrom | ) | |
| | ) | Charging District's Case No.  4:22CR00622-001 |
| Defendant | ) | |

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* _____Southern District of Texas_____

I have been informed of the charges and of my rights to:

(1)     retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)     an identity hearing to determine whether I am the person named in the charges;

(3)     production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)     a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;

(5)     a hearing on any motion by the government for detention;

(6)     request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☑     an identity hearing and production of the warrant.

☑     a preliminary hearing.

☑     a detention hearing.

☑     an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district.  I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date:   12/16/22

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

JASON RUSSO
_____
*Printed name of defendant's attorney*

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of New York

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Tyler Grundstrom | ) | Case No. 22-MJ-1345 (LGD) |
| | ) | |
| _____ | ) | Charging District's |
| *Defendant* | ) | Case No. 4:22CR00622-001 |

## COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the ___SOUTHERN___ District of __TEXAS__ ,

*(if applicable)* _____ division. The defendant may need an interpreter for this language:

_____.

The defendant:  ☑ will retain an attorney.

☐ is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance.

**IT IS ORDERED:** The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant. The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled. The clerk of this district must promptly transmit the papers and any bail to the charging district.

Date: **12/16/22**

s/ Lee G. Dunst

_____
*Judge's signature*

_____
**LEE G. DUNST, U.S.M.J.**
*Printed name and title*

AO 472 (Rev. 11/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
### for the
Eastern District of New York

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Tyler Grundstrom | ) | Case No.    22-MJ-1345 (LGD) |
| | ) | |
| *Defendant* | ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

      ☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

      ☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

     ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

        ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

        ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

        ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

        ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

        ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
        **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

     ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

     ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

     ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☑ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

    ❑ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

    ❑ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

    ❑ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

    ❑ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

    ☑ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❑ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

    ☑ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

    **OR**

    ❑ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

    After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

❑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

❑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

    ☑ Weight of evidence against the defendant is strong
    ❑ Subject to lengthy period of incarceration if convicted
    ❑ Prior criminal history
    ❑ Participation in criminal activity while on probation, parole, or supervision
    ❑ History of violence or use of weapons
    ❑ History of alcohol or substance abuse
    ❑ Lack of stable employment
    ❑ Lack of stable residence
    ❑ Lack of financially responsible sureties

AO 472 (Rev. 11/16) Order of Detention Pending Trial

- ❏ Lack of significant community or family ties to this district
- ❏ Significant family or other ties outside the United States
- ❏ Lack of legal status in the United States
- ❏ Subject to removal or deportation after serving any period of incarceration
- ❏ Prior failure to appear in court as ordered
- ❏ Prior attempt(s) to evade law enforcement
- ❏ Use of alias(es) or false documents
- ❏ Background information unknown or unverified
- ❏ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

**Part IV - Directions Regarding Detention**

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: **12/16/22**                    s/ Lee G. Dunst

_____
United States Magistrate Judge